

W. Kyle Tayman
202.346.4245
KTayman@goodwinlaw.com

Goodwin Procter LLP
901 New York Avenue NW
Washington, DC 20001

goodwinlaw.com
+1 202 346 4000

August 8, 2017

Hon. Louis L. Stanton
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

**Re**:   **Jones v. Quicken Loans Inc., No. 17-CV-02379-LLS**

Dear Judge Stanton:

Pursuant to Paragraph 2(A) of Your Honor's Individual Practices, I write on behalf of Defendant Quicken Loans Inc. to request a pre-motion conference to set forth the issues on which Quicken Loans seeks to move for summary judgment.  Specifically, Quicken Loans seeks to move for summary judgment in its favor as to all claims on the grounds that Plaintiff Jimmy Jones provided his prior express consent and permission for Quicken Loans to make the challenged calls that are the subject of this lawsuit.  That indisputable consent and permission is fatal to Jones' Telephone Consumer Protection Act ("TCPA") claims as matter of law.  The parties have met and conferred concerning this request.

Plaintiff brings his claim against Quicken Loans under the cellphone provision of the TCPA—47 U.S.C. § 227(b)(1)(A)(iii).  *See* Complaint ("Compl.") ¶ 9.  That provision makes it unlawful to place calls to a cellphone using an automatic telephone dialing system or prerecorded voice unless the call was "*made with the prior express consent of the called party*."  47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).  Plaintiff alleges that Quicken Loans called his cellphone using an automatic telephone dialing system and prerecorded voice in violation of the TCPA.  Compl. ¶¶ 9, 12.  Recognizing that consent is a defense to his claim, Jones curiously alleges that he does not recall giving Quicken Loans consent or permission to make the challenged calls.  *Id*.  In the face of this admission, Jones cannot challenge the indisputable factual evidence of his consent or permission for the challenged calls.  That indisputable evidence adduced, which Quicken Loans has voluntarily provided to Plaintiff in a good faith effort to avoid the necessity of additional proceedings in this matter, demonstrates that Jones provided his alleged cellphone number to Quicken Loans and consented to the challenged calls at that number before Quicken Loans ever called him.  Jones did so when he completed an online request for information form at the website of one of Quicken Loans' business partners—RateMarketPlace.com.  As part of his submission, Jones requested information about purchase mortgage loans from various lenders, including Quicken Loans, voluntarily provided his number for that purpose, and gave his prior express written consent to receive calls from Quicken Loans (and others) at that number.  Consent is a complete defense to Jones' TCPA claim.  *See e.g.*, *King v. Time Warner Cable*, 113 F. Supp. 3d 718,



August 8, 2017
Page 2


726 (S.D.N.Y. 2015) ("The TCPA creates a safe harbor for calls made 'with the prior express consent of the called party.'").

The specific, indisputable facts that Quicken Loans intends to present on summary judgment are that, on January 3, 2017, Jones visited the website of RateMartketplace.  Once there, Jones submitted his name, his email address, his street address, and his phone number ending in -4371, as part of a request to receive information about purchase mortgage loan products.  In so doing, Jones expressly agreed that RateMarketplace could share his information with Quicken Loans, and granted express written consent or permission for Quicken Loans to call him at the phone number he provided.  Specifically, the submission form Jones completed said:

> "By clicking 'Click to See Your Free Results', you are providing express written consent to the Terms of Service and Privacy Policy, to share your information with RateMarketplace, up to 5 lenders with whom you have been matched and/or other business partners and consent (not required as a condition to purchase a good/service) for them to contact you through automated means (e.g. autodialing, text and pre-recorded messaging) via telephone, mobile device (including SMS and MMS) and/or email, even if it is a cellular phone number or other service for which the called person(s) could be charged for such call and even if your telephone number is currently listed on any state, federal or corporate Do Not Call registry. As an alternative, you may contact us by email at customercare@ratemarketplace.com."

The submission form also said:  "By completing an online inquiry, you may be contacted by the following lenders by phone or email[:]  Quicken Loans . . . ."

This disclosure, to which Plaintiff expressly agreed, constitutes consent under the TCPA, foreclosing Plaintiff's TCPA claims as a matter of law and undisputed fact.  *See Reyes v. Lincoln Auto. Fin. Servs.*, 861 F.3d 51, 57 (2d Cir. 2017) (acknowledging that furnishing a telephone number in connection with an application constitutes prior express consent); *King v. Time Warner Cable*, 113 F. Supp. 3d 718, 726 (S.D.N.Y. 2015).  "[T]he authorities are almost unanimous that voluntarily furnishing a cellphone number to a vendor or other contractual counterparty constitutes express consent." *Saunders v. NCO Fin. Sys., Inc.,* 910 F. Supp. 2d 464, 467 (E.D.N.Y. 2012) (granting summary judgment to defendant on TCPA claim because plaintiff provided consent to be called).

Plaintiff has not served any discovery requests on Quicken Loans to date.  As noted, in an effort to avoid unnecessary proceedings, Quicken Loans voluntarily produced evidence to Plaintiff showing that Plaintiff consented, and requested that he dismiss the lawsuit.  Specifically, on June 19, 2017, Quicken Loans provided Plaintiff with a third party declaration executed by a representative from RateMarketplace swearing to the facts outlined above, and attaching the screenshots of the online submission form Jones completed showing the disclosure language to which Jones agreed.  Quicken Loans also provided Plaintiff (again, voluntarily) business records of the information Quicken Loans received from RateMarketplace regarding Plaintiff's request for information, call records of all communications Quicken Loans has had with Plaintiff, and call recordings of calls Quicken Loans



August 8, 2017
Page 3

placed to Plaintiff (all of the recordings are voicemails left by Quicken Loans representatives). This record evidence shows that, after receiving Jones' information from RateMarketplace on January 3, 2017, Quicken Loans' team members began placing live outbound calls to the phone number Jones provided in order to respond to his request for information about a purchase mortgage loan. Quicken Loans placed a total of thirteen calls to Jones, all between January 3, 2017 and January 11, 2017. Quicken Loans never spoke with Jones during any of these calls. In fact, Jones did not answer any of the thirteen calls. For six of the calls, Quicken Loans' live representatives left voicemails. For the remaining seven calls—all also placed by live Quicken Loans' representatives—Jones did not answer, Quicken Loans' team members did not leave voicemails, and each call lasted four seconds or less in duration. As it never was able to reach Jones in response to his inquiry, Quicken Loans stopped calling on January 11 and never called him again.

Nonetheless, Plaintiff alleges in his Complaint that, on January 10, 2017, he received a call from Quicken Loans and told Quicken Loans to stop calling him, but that the calls continued. Compl. ¶¶ 13-14. The indisputable record evidence confirms that is untrue. Quicken Loans placed just one call to Jones on January 10, 2017, and its representative left a voicemail.

Quicken Loans has asked Plaintiff repeatedly to share his own call records or other evidence that would substantiate his factual allegations, or otherwise suggest that Quicken Loans is not entitled to judgment. Tellingly, he has not done so.

Against this background, it is clear that Plaintiff has no factual grounds for his lawsuit. Quicken Loans thus respectfully requests the opportunity to submit its Motion for Summary Judgment, which it will support with sworn testimony, exhibits and a statement of undisputed material facts. Quicken Loans further asks that the Court grant a hearing on the Motion prior to ruling.

Respectfully Submitted,

W. Kyle Tayman (admitted *pro hac vice*)


Cc:   Yitzchak Zelman, Esq.